IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AVERY DENNISON CORP., ) | CASE NO. 1:04CV1865 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge John M. Manos |
| ) | |
| SOLIANT LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | MEMORANDUM OF OPINION |

On December 15, 2004, Avery Dennison Corp., plaintiff, filed its First Amended Complaint against Soliant LLC ("Soliant") and PolyOne Corp. ("PolyOne"), defendants. On January 5, 2005, Defendant PolyOne filed a Motion To Dismiss the claims against it, Counts VI and VII (Docket No. 28). The parties have fully briefed the issues.

For the following reasons, the motion is GRANTED.

I. FACTS

The Plaintiff manufactures and sells (among other products) reflective highway safety decals. The decals provide visibility under dark conditions for vehicles such as, for example, emergency

vehicles, highway construction vehicles, and water crafts. At issue is the Plaintiff's Night Visible NV-1300 Series 7-year Premium Reflective Vinyl (the "NV Product") (First Amended Complaint at ¶¶ 7-9.)

On or about December 13, 2002, the Plaintiff and Defendant Soliant entered into a supply contract by which Soliant would supply vinyl surfacing film for use in manufacturing the NV Product. The Plaintiff dictated the required film specifications and allegedly informed Soliant of the intended uses of the finished product. The Plaintiff alleges, on information and belief, that Soliant purchased a liquid vinyl compound from Defendant PolyOne for use in the manufacture of the film, which in turn was supplied to the Plaintiff. There is no contractual relationship between the Plaintiff and PolyOne. (First Amended Complaint at ¶¶ 10, 15-17, 20-22.)

The Plaintiff alleges that many of its customers experienced product failures due to "metallization degradation" of the NV Product. The Plaintiff further alleges that the products degraded because of defects caused by Defendant Soliant's film, and/or Defendant PolyOne's liquid vinyl compound. At the time of filing the First Amended Complaint, the value of customer claims against the Plaintiff exceeded $425,000.00, and was still increasing (First Amended Complaint at ¶¶ 23-30.) The Plaintiff seeks damages for losses due to the customer claims, as well as for additional lost sales and profits, and "irreparable harm to its reputation".

These circumstances have spawned a multitude of claims, counterclaims, and cross-claims. Ultimately, the issue is which party is at fault for the product deficiencies: (1) the Plaintiff as the manufacturer of the finished product, (2) Soliant as the film supplier, or (3) PolyOne as the supplier of the vinyl compound for the film. In the current motion, PolyOne seeks dismissal of the two counts

brought against it by the Plaintiff in the First Amended Complaint.  Those counts are Count VI (breach of implied warranties) and VII (strict liability).

## II. LAW

A. Standard For Dismissal

The Defendant has moved to dismiss because Counts VI and VII of the Complaint do not state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, the allegations in the Complaint are taken as true and viewed in the light most favorable to the Plaintiff.  A complaint will not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994), cert. denied, 514 U.S. 1120 (1995), quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990). The complaint need only give fair notice as to the claim and the grounds upon which it rests.  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Conclusory allegations, however, are not sufficient to state a claim.  Rather, a complaint must set forth specific facts which, if proven, would warrant the relief sought.  Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 106 S. Ct. 2932, 2944 (1986).  A court likewise need not accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

B. The Economic Loss Rule

The economic loss rule limits one's ability to recover tort damages for purely economic losses. For commercial parties in privity, the rule is clear that tort damages are not recoverable, and the parties are limited to contractual remedies. In the absence of injury to persons or property other than the product purchased, a commercial buyer may not recover for economic losses premised upon certain tort theories such as strict liability or negligence. Chemtrol Adhesives, Inc. v. American Manufacturers Mutual Insurance Co., 42 Ohio St. 3d 40, 46 (1989). The rule is more complicated as to parties lacking privity. In Chemtrol, the Ohio Supreme Court explicitly declined to decide the issue as to whether, in the absence of privity, tort claims can be asserted to recover purely economic losses. The Court, however, noted that permitting such recovery represented the minority view. Chemtrol, 42 Ohio St. 3d at 50, n. 7

Ohio courts continue to permit product liability claims by individual consumers for purely economic losses. See LaPuma v. Collinwood Concrete, 75 Ohio St. 3d 64, 67 (1996), citing, Iacono v. Anderson Concrete Corp., 42 Ohio St. 2d 88 (1975). In HDM Flugservice GmbH v. Parker Hannifin Corp., 332 F.3d 1025, 1030 (6th Cir. 2003), however, the Sixth Circuit interpreted Ohio law as barring tort recovery by commercial buyers even in the absence of privity. An Ohio appellate court distinguished LaPuma and came to the same conclusion as HDM with respect to commercial buyers. Midwest Ford, Inc. v. C.T. Taylor Company, Inc., 694 N.E.2d 114, 116-17 (Ohio App. 1997).

III. ANALYSIS

Defendant PolyOne seeks dismissal of Counts VI and VII of the Complaint. Count VI asserts a claims for breach of implied warranties, and Count VII asserts a claim for strict liability. Under Ohio

law, when privity is lacking, a claim for breach of implied warranties in tort and a claim for strict liability are interchangeable and analyzed the same.  Chemtrol Adhesives, Inc. v. American Manufacturers Mutual Insurance Co., 42 Ohio St. 3d 40, 46 (1989); Temple v. Wean United, Inc., 50 Ohio St. 2d 317, 320 (1977).

The Plaintiff first argues that in the absence of privity, any buyer can assert tort claims for damages, even purely economic losses, caused by a defective product.  It asserts that the conclusion in HDM is an incorrect application of Ohio law.  The Court disagrees and upholds the distinction made in the case law between individual consumers and commercial buyers.

The Plaintiff seeks tort recovery against an entity up the production chain.  Such recovery was analyzed and rejected under similar circumstances in HDM as undermining the provisions of the Uniform Commercial Code governing commercial transactions.

> Among commercial parties, the U.C.C. provides a comprehensive scheme for parties to recover their economic losses.  Permitting commercial parties to recover economic losses in tort would allow a purchaser to reach back up the production and distribution chain, thereby disrupting the risk allocations that have been worked out in the transactions comprising the chain.  Moreover, policies underlying Ohio's strict liability are forcing manufacturers to internalize and redistribute the cost of injuries because they are in the best position to do so and relieving average consumers of the burden of proving negligence. These policies do not favor allowing commercial parties to recover their economic losses. [Citations omitted.]

HDM Flugservice GmbH v. Parker Hannifin Corp., 332 F.3d 1025, 1030 (6th Cir. 2003).  A similar policy analysis was applied in Midwest Ford, Inc. v. C.T. Taylor Company, Inc., 694 N.E.2d 114, 116-17 (Ohio App. 1997).

The Court concludes that this policy analysis has merit and mandates the rejection of the

proposition that a commercial buyer can recover purely economic losses in tort stemming from alleged product defects. In addition, as stated above, in <u>Chemtrol</u> the Ohio Supreme Court noted that permitting such recovery represents the minority view. <u>Chemtrol</u>, 42 Ohio St. 3d at 50, n. 7. Accordingly, the Court concludes that the economic loss rule applies.[1]

Counts VI and VII, therefore, must be dismissed unless the Plaintiff has made appropriate allegations of personal injuries or property damage independent of the products purchased. The Plaintiff's second argument is that even assuming that the economic loss rule applies, its claims are not limited to the recovery of purely economic losses. The Plaintiff relies upon its use of the phrase "irreparable harm to its reputation" in its description of damages. (<u>See</u> First Amended Complaint at ¶¶ 64 and 68.) The Court concludes that this allegation is insufficient to overcome the economic loss rule.

The Plaintiff is correct that in certain circumstances, damages to reputation can be characterized as personal injury or property damage, and therefore are not subject to the economic loss rule. <u>Lawyers Cooperative Publishing Co. v. Muething</u>, 65 Ohio St. 3d 273, 277 (1992); <u>Ferro Corp. v. Blaw Knox Food & Chemical Equipment Co.</u>, 700 N.E.2d 94 (Ohio App. 1997). Such circumstances, however, do not exist here.

The Plaintiff relies heavily on <u>Lawyers Cooperative</u>. There, an attorney purchased a compilation of legal forms and used them to draft a series of notes for a client. The forms were legally deficient, resulting in private lawsuits and a criminal indictment against the attorney for securities

---

[1] The Plaintiff relies on this Court's decision in <u>Mead Corp. v. Allendale Mutual Insurance Co.</u>, 465 F. Supp. 355 (N.D. Ohio 1979). That decision pre-dates <u>Chemtrol</u> and its progeny, and therefore its reasoning is obsolete.

violations. The attorney brought suit alleging that the publisher of the forms was negligent and/or sold him a defective product. The court concluded that the claims were properly viewed as tort claims. It reasoned that business interests, like partnership interests and stock shares, are personal property. Accordingly, the damage done to the value of the attorney's law practice constituted property damage. Similarly, the court reasoned that the decline in the attorney's personal professional reputation caused him humiliation, embarrassment, and emotional distress. Such injuries are well-established categories of personal injury. The economic loss rule, therefore, did not apply. Muething, 65 Ohio St. 3d at 279-80.

Lawyers Cooperative does not warrant a ruling in the Plaintiff's favor. The character of the loss determines whether a commercial buyer can recover in tort. Sun Refining and Marketing Co. v. Crosby Valve and Gage Co., 68 Ohio St. 3d 397, 399 (1994). The Plaintiff's blanket and conclusory allegation of harm to it reputation, when read in context, is merely an alternative manner in which to characterize the potential loss of future sales, profits, and business opportunities. These are economic losses. If the Plaintiff were correct, then any commercial party could avoid the economic loss rule by merely inserting the phrase "harm to reputation" in a complaint.

The alleged reputation harm here is not akin to the wholesale destruction of the business interest or value of the law practice that occurred in Lawyers Cooperative. The harm, therefore, cannot be deemed "property damage". Similarly, the alleged harm to reputation here is not akin to the personal humiliation and emotional distress suffered by the attorney. The harm, therefore, cannot be deemed "personal injury".

The Plaintiff also relies on Ferro, supra. The Court concludes that the reasoning in Ferro does

-7-

not apply. As here, the plaintiff in Ferro alleged harm to business reputation in product liability claims against an entity with which there was no privity. The basis for denying summary judgment, however, did not involve the allegations concerning business reputation. Rather, the court cited evidence of damage to the plaintiff's reactor liner, which was *not* the product sold. In other words, there was independent physical property damage. Ferro, 700 N.E.2d at 100. No comparable property damage is alleged here.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that the economic loss rule applies, and the Plaintiff has not alleged personal injuries or property damage independent of the products sold. Only economic losses are alleged. Accordingly, Defendant PolyOne's Motion To Dismiss (Docket No. 37) is GRANTED, and Counts VI and VII of the Plaintiff's First Amended Complaint are hereby dismissed with prejudice, each party to bear its own costs.[2]

IT IS SO ORDERED.

Issued: August 23, 2005      s/ John M. Manos
                             UNITED STATES DISTRICT JUDGE

---

[2] Defendant PolyOne remains a party to this action because Defendant Soliant's cross-claims remain pending.